ASSUMPSIT.          Haggin's Administrator *vs.* Price.

[Mr. Richmond and Mr. Bacon for plaintiff: Mr. Owsley for defendant.]

FROM THE CIRCUIT COURT FOR FRANKLIN COUNTY.

*April 23.*    Chief Justice ROBERTSON delivered the opinion of the Court.

In *assumpsit, as* SOME time in February, 1831, *Hannah Price,* who then
in covenant, if kept a boarding house in Frankfort, agreed with *James*
the pltf. sues up-
on an agreement *Haggin,* to take into her house and entertain as board-
containing a stip
ulation on his ers, himself, wife and two daughters, for one year, at
part, which con-
stituted a condi- the price of five hundred dollars.
tion precedent,
he may sustain      Pursuant to that agreement, *Haggin* and his said fam-
the action by a- ily commenced boarding with Mrs. *Price* on the 19th of
verring and prov-
ing that he was March, 1831, and continued as boarders with her until
prevented from
performing it, *by* some time in the month of June succeeding, when, for
*the deft.:* but if some cause undisclosed to her, they left her house and
the pltf's. stipu-
lation was not never returned.
such as could
have been perfor      *Haggin* having paid to Mrs. *Price* about sixty dollars,
med *at once,* but and afterwards died intestate, in August, 1835, she
required continu
ous action on his brought an action of assumpsit (in 1836,) against his ad-
part, and his
non performance ministrator, for the price stipulated for the board for one
does not entitle
the defendant to *year,* or *for such other sum as she might appear to be*
an action—there entitled to recover.
covery must be
restricted to the      On the trial, upon the general issue, and an issue, also,
actual damage;it
cannot be for the on a plea of the statute of limitations, the Circuit Court,
sum that would
have been due for on proof of the foregoing facts, instructed the jury, that
full performance. the legal criterion of damages was the entire sum agreed
As where pltf. a-
greed to board to be paid for one year, deducting only the amount which
deft. a year for
$500, and he quit had been paid by *Haggin.*
in three months,
without cause,      And thereupon, verdict and judgment were rendered
pltf. can only re- against the administrator for four hundred and forty dol-

lars in damages; to reverse which judgment this writ of error is prosecuted.

It seems to us that the instruction as to the criterion of assessment, was erroneous.

We perceive no essential distinction between the character of this case and that of *Caldwell* vs. *Reed, Littell's Sel. Ca.—Chamberlin et al.* vs. *McCallister et al.* 6 *Dana*, and *Jewell* vs. *Blandford,* 7 *Dana.* These cases recognize and establish the doctrine that, in an action of *assumpsit* or *covenant*, though the averment and proof of the fact that the plaintiff had been prevented by the defendant from the performance of a precedent condition, may be equivalent to full performance of the condition, so far as to authorize the suit for the defendant's nonperformance, nevertheless, the plaintiff's recovery should be restricted to the amount of actual damage whenever the unperformed condition precedent could not have been performed *at once* by a single act, which the plaintiff had offered to perform, and when too the defendant could have no cause of action against the plaintiff for his nonperformance, or for the thing offered to be given or done.

cover *pro rata* for the time he continued to board with the plaintiff, & compensation for the loss of the contract for the rest of the year.

These principles seem to apply, with full force, to the facts of this case.

Here it is impossible to know that, had not Haggin and family left her house, Mrs. *Price* would have performed her part of the contract in such a manner as would have entitled her to the whole sum of five hundred dollars; and if she should recover that sum, Haggin's representative would certainly have no cause of action against her, either for damages or for restitution of any part of the sum so recovered by her.

If she be now entitled to recover the entire contract price for one year, she would, as certainly, have had an equal right to recover the same sum had *Haggin* and family boarded with her but one day, or, refusing altogether to comply with the contract, had never commenced boarding with her; for, in each case, she might have averred and proved that she was ready and willing to have *commenced* the performance of her stipulations, but was prevented by him from any performance on her

Spring Term
**1889.**

part. And it must be self-evident that, in the case last supposed, she would not have been entitled to recover as much for the total failure of *Haggin* and family to board with her, as she would have had a right to claim, under her contract, for actually boarding them a full year.

We are satisfied that, according to the only facts now exhibited, Mrs. Price is not entitled, by her contract or by law, to recover more than the value of the boarding from March to June—and any special damage she sustained by being disappointed by Haggin's breach of the contract to board with her one year.

Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.