## WILLIAM HOOD AND ANOTHER V. CHARLES B. RAINES.

Where one party contracted to furnish lumber and materials, with which the other contracted to perform certain work, for which he was paid by the former in advance, and the work being suspended for want of materials, the parties agreed that the employer should give the employee notice as soon as he had procured the materials, and the employer brought suit against the employee, alleging that he had procured the materials and given the notice, and that the employee failed and refused to perform the work; it was held that the defendant should have been permitted to allege and prove that, although plaintiff gave the notice, he had not then procured the materials.

Where a party employs a mechanic to do a certain job of work, and pays him in advance, and the work is suspended for want of materials, or other cause, at the instance or by the default of the employer, the right of the mechanic is not to retain the full price, but to reconvene for the damages actually sustained by the failure of the employer to perform his part of the contract.

Error from Cherokee. Tried below before the Hon. John H. Reagan.

The plaintiff did not prove that he had the materials ready when he gave the notice.

The facts are stated in the Opinion.

*Ochiltree, Priest, Murray* and *Guinn,* for plaintiffs in error.

HEMPHILL, CH. J. The plaintiff, C. B. Raines, alleges, in substance, that he employed the defendants, Hood and Jones, to ceil and weatherboard his dwelling-house, make some additional rooms and other work, the extent, dimensions and finish of which, are very minutely described, and that this work was to be done by defendants, with reasonable dispatch, whenever plaintiff could procure and have in readiness the lumber for the same; that the work was commenced and continued at intervals, by the defendants, until in Jan'y, 1852, they ceased working, with the express promise by them to the plaintiff, that they

would return and complete said work when plaintiff should inform them that he had materials ready; and that on the second day of November, 1852, he did notify the defendants that he had all the materials prepared for the completion of the work, and requested them to return and complete the same, which they then failed, and continued to fail, to do, and have left unfinished various portions of said work, which were specially set forth, and have executed some in an unworkmanlike manner; that he has fully paid off and discharged the price which he was to pay defendants for said work, viz: the sum of six hundred dollars; that defendants fail to complete said work, to repay to petitioner the reasonable value of the same left uncompleted, to the plaintiff's damage seven hundred dollars. By amendment the plaintiff averred the items and mode of payment. The defendants filed a general denial; pleaded the Statute of Limitations; also, set up a claim for work and labor done to the amount of $703 00. By amendment, they state, hypothetically, the contract in terms to the effect as charged by plaintiff; that they commenced performance in good faith, but had to suspend the same in February, 1852, by reason of the failure of plaintiff to furnish the lumber, as he was bound to do. They aver damage, by being obliged to remove and seek employment elsewhere; that plaintiff was bound to furnish lumber within a reasonable time, which he failed to do, and kept defendants in suspense until Nov. 1852, before he notified them that he had said lumber and material, and that he then did not in fact have the same ready; that, from February until October, they were hindered from contracting other work, till, finally, they considered plaintiff had abandoned said contract, by reason of which delay, on part of plaintiff to procure said lumber and notify defendants of the same, they considered themselves absolved from their contract to return and work for plaintiff; and that, by said delay, they were damaged, &c.; and that the notification by plaintiff was not given until plaintiff knew that defendants had engaged to

work for the brother of plaintiff, and when, from other engage-
ments, they could not return and do his work, and after the
defendants considered the contract at an end, by reason of
the default of the plaintiff ; that plaintiff had not paid, as he
had contracted to do, and that he had not fully paid off defen-
dants, as he insisted he had done.   The plaintiff excepted spe-
cially to the aaswer as vague, not shewing any specific dam-
age, the loss of any particular jobs, &c.   The exception was
sustained.

On the trial the defendants attempted to prove by a witness,
that the plaintiff did not have, at the time of his notification
to the defendants in Nov. 1852, a sufficiency of lumber to com-
plete the contract ; but this was refused, on the ground that
such proof was not admissible under the pleadings.

It appears, from the evidence, that the work left uncom-
pleted by the defendants, would cost about two hundred and
fifty dollars, according to the common rule of charge ; that
the price of the whole work by the contract, was six hundred
dollars, and that the plaintiff had paid five hundred and ninety-
seven dollars.   The jury found for the plaintiff one hundred
and twelve dollars and fifty cents.

The above are some of the most material of the pleadings
and facts, and will enable the opinion to be understood.

It appears that the first default was on the part of the plain-
tiff, in not providing a proper supply of lumber.   But that
was waived by the subsequent agreement that the defendants
would return and complete the work on being notified by plain-
tiff that the lumber was ready.   This notification was given,
but defendants pleaded that the delay in giving it was so un-
reasonable, as to operate an abandonment of the contract, and
that, in fact, the lumber was not ready at the time of the notice
given. The ground on which plaintiff places his right to reco-
very by his allegations, is substantially that he was in no de-
fault ; that he had performed the precedent condition by giving
notice, and that the failure being wholly on the part of defen-

Hood v. Raines.

dants, he was entitled to damages for their non-performance. If this be the sole ground upon which depended the liability of defendants, it would seem that a grave error was committed in sustaining the plaintiff's exception to defendants' amended answer, so far as that averred that the plaintiff did not have materials and lumber ready at the time of the notice given by him to defendants in Nov. 1352. For unless the plaintiff did in fact have lumber in readiness, the defendants, notwithstanding the notice, would have been in no default. They offered proof that the lumber was not ready at that time, on the trial. This evidence must have been admitted, had not their averment of the fact of the lumber not being ready, been previously ruled out on exception. If the right of recovery by plaintiffs depends solely, as appears to be assumed in the petition, on the performance by him of a previous condition, viz : the giving of notice, he could not claim judgment if there existed a fact which would render such notice ineffective ; and the fact that ne had none, or but a small amount of the requisite quantity of lumber, would certainly negative the effect of the notice ; and on the hypothesis of the rights and liabilities of the parties as assumed and presented by the pleadings in this cause, the error which resulted in excluding proof as to the fact of there being lumber at all, was of a nature so potential as to require a reversal of the judgment, and if the truth be, as alleged by the defendants, it would, on the same hypothesis, entirely exclude the plaintiff from recovery in future in the cause.

But it appears from the facts in the cause, that the liability of the defendants does not rest solely on the ground of the fact that lumber was prepared and notice given by plaintiff. It appears that the whole amount of the price of the work, with the exception of three dollars, had been paid by the plaintiff, while the evidence shows that a large portion of the work had not been completed by the defendants, and that by the usual rate of charges, the work not completed would amount to two

hundred and fifty dollars. Is the plaintiff to lose and the defendants to gain this amount of money, simply because the plaintiff may have failed or even refused to furnish materials? It is believed that the law would not sanction or permit such sacrifice of the one party, or such acquisition without time, labor or other consideration, by the other. Let us suppose that the plaintiff had not paid any part of the money, and that during the progress of the work he had failed or declined to furnish materials, and that the defendants had been always ready, and tendered performance, could the defendants sue and recover the whole price of the contract? Certainly not. They could recover only such damages as had been occasioned by the delinquency of the plaintiff. They might recover, by way of damages, whatever they had lost of value in the job, or in time or preparation, or loss of other jobs; but they cannot recover the whole contract price, from the mere fact of their readiness to perform, and their tender of performance. The contract in this case is continuous, and an offer to perform on the part of defendants, in the case supposed, would, if commenced, be but an initiative act, which would raise no legal deduction that the whole undertaking would be completed, and which, therefore, would not be equivalent in law to performance, and as such give a right of action. It is unlike the case where the performance can be done by a single act. True, the offer to perform is equivalent to actual performance, and vests in each party respective and independent rights. (6 Dana, 352; 7 Id. 472; 8 Id. 48; 21 Wendell, 471; 1 Denio, 317.)

The defendants, as we have seen, would not, if no money had been paid, be entitled to recover the whole contract price, but only the damages they had sustained. The plaintiff could not, in such case, sue at all to enforce the performance of the contract, or to recover damages for its non-performance, on account of his failure to perform the condition of supplying the lumber.

But the case before us is widely different from the one which has been supposed. Here the plaintiff has paid nearly the whole of the money to the defendant. In the case which has been imagined, and the law of which has been discussed, none of the money is supposed to have been paid. Now, although a plaintiff, where he has paid no money, and has failed to perform some precedent condition, cannot sue to compel performance, yet, certainly, if he has paid the whole of the money, and is unable, or has failed subsequently to comply with all the conditions on his part, he would not solely on that account be deprived of all right to restitution. Such a doctrine would be at war with the first principles of justice, and would be an excessive and undue punishment for his default. The defendants would be entitled to, and should receive, a full allowance for all the damages they had sustained, and which they show by a proper averment and proof. The presumption of law is in their favor, and that they must necessarily have sustained some damage from the delinquency of their employer.

The failure of the plaintiff to have lumber in readiness at the time of his notice, would not, it is conceived, be a forfeiture of all right to any portion of the money which he had advanced to the defendants, but would make him liable for such damages as had accrued to them, in consequence of his default. This may perhaps absorb the greater portion of the money paid, but he is entitled to the excess, if any should remain; and this may, on a proper state of pleading, be recovered by him.

There are other questions in the cause, but it is believed that they do not require any distinct consideration, and that no error of controlling importance, except the one discussed, was committed in the cause. It would have been proper to have allowed defendants' allegation of unreasonable delay on the part of the plaintiff, in giving notice to the defendants, to have stood as pleaded. If it had turned out on proof, that the plaintiff had made but a small payment on the contract, it would have been

a question whether his delay was not so unreasonable as to justify the defendants in abandoning the contract, and to defeat the right of the plaintiff to recovery of damages for their non-performance ; and it would have been for the jury to have judged, whether or not the plaintiff had forfeited his right, by the delay ; and even although the purchase money was all paid, although the delay would not have forfeited his right to repayment ; yet, it might have been very properly regarded as creating loss and inconvenience to the defendants, for which they would be entitled to a reduction.

It is possible—and, from the facts, it seems probable—that justice was done between the parties by the verdict of the jury, yet, the defendants have complaimed of the judgment, and for the error of sustaining the exception to the plea that the plaintiff had not lumber in readiness at the time of his notice, the judgment is reversed and the cause remanded.

Reversed and remanded.