## R. V. TOMPKINS v. J. B. HART.

(No. 3894.)

CONTRACT — SALESMAN.— Damages by discharge.

PLEADING.— When the damage claimed results, *prima facie*, as a matter of legal inference from the facts stated in the pleading, it is always sufficient.

APPEAL from Dallas county.   Opinion by WALKER, J.

STATEMENT.— This was a suit brought by J. B. Hart against R. V. Tompkins for damages resulting from the refusal of the defendant to carry out the contract between the parties, under which the plaintiff was employed for the period of one year by the defendant in the capacity of salesman in the business of the latter.   The plaintiff alleged the contract to be that the defendant agreed to pay him $125 per month for the term of one year from the 1st day of February, 1875; that he entered upon his duties at that date and performed services for defendant until 30th of June, 1875, at which date the defendant discharged him without cause, and refused further to accept plaintiff's services, and requested him to leave the premises.

The petition showed that plaintiff had been paid very nearly all that was due him up to the time that he was discharged.   He alleges that at that time it was the dull business season, and plaintiff was unable to obtain employment elsewhere, notwithstanding his best exertions to do so, until later in the season, to wit, 10th of September, 1875, at which last date he did procure employment for the balance of the year for which he had been engaged by the defendant; that by his said last employment he realized $375.   Plaintiff sues for one year's salary, after allowing as a credit the amount which he had received from the defendant up to the time of his discharge and the sum of $375 which he had been enabled to earn after he was discharged.

The defendant answered by general demurrer and general denial. Demurrer was overruled; jury waived, and cause submitted to the court. Judgment for plaintiff for $609.70.

On the trial plaintiff proved that he made an effort to get employment after his discharge, to which defendant objected, because there was no allegation in plaintiff's petition that plaintiff had suffered loss or damage by loss of employment, which objection was overruled.

The defendant appeals and assigns errors, among which is that plaintiff was not entitled to recover under the allegations of petition.

OPINION.— The damages claimed by the plaintiff were not required to be set out more specially than was done in the petition. Where the damages claimed result *prima facie* as a matter of legal inference from the facts stated, it is always sufficient. Sedgwick on Damages, sixth edition, page 731, says: " All legal damages must, whether the action be in contract or in tort, naturally result from the act or fault complained of; and although the law in certain cases permits the recovery of such damages as are physically secondary or consequential, yet they must in legal contemplation be also its *proximate* result. Where such result is necessary or is legally imported by the facts, the damages are general and need not be specially set forth in the pleadings; otherwise they must." Burrell *v.* New York & Saginaw Solar Salt Co., 14 Mich., 38. Applying these principles to the facts alleged by plaintiff as constituting his cause of action, he was *prima facie* entitled to recover damages as the legal consequence of those facts. Field on Damages, sec. 340; also Nations *v.* Cudd, 22 Tex., 552; Meade *v.* Rutledge, 11 Tex., 53, 54.

There being no error, the judgment is affirmed.