# THE

# TEXAS LAW REPORTER.

## AUSTIN, TEXAS, OCTOBER, 1882.

### R. V. TOMPKINS v. J. B. HART.

SUPREME COURT, AUSTIN TERM, 1882.

*Contract—Salesman—Damage by discharge—Pleading.*—Where the damage claimed results, *prima facie*, as a matter of legal inference, from the facts stated in the pleading, it is always sufficient. In such case the damages are general and need not be specially set forth in the pleading.

Appeal from Dallas county– Good, Bower and Coombs for appellant. W. L. Williams for appellee.

This was a suit brought by J. B. Hart against R. V. Tompkins for damages resulting from the refusal of the defendant to carry· out the contract between the parties, under which the plaintiff was employed for the period of one year by the defendant, in the ca-· pacity of salesman in the business of the latter. The plaintiff alleged the contract to be, that the defendant agreed to pay him $125 per month for the term of one year from the first day of February, 1875; that he entered upon his duties at that date and performed services for defendant until the thirtieth day of June, 1875, at. which date the defendant discharged him without cause, and refused further to accept plaintiff's services, and requested him to· leave the premises.

The petition showed that the plaintiff had been paid very nearly all that was due him up to the time that he was discharged. He alleges that at that time it was the dull business season, and plaintiff was unable to obtain employment elsewhere, notwithstanding his best exertions to do so, until later in the season, to-wit, the tenth. September, 1875, at which last date he did procure employment for the balance of the year for which he had been engaged by the de-· fendant; that by his said last employment he realized $375.

The plaintiff sues for the amount of one year's salary, after allowing as a credit the amount which he had received from the de-

fendant up to the time of his discharge, and the sum of $375 which he had been enabled to earn after he was discharged.

The defendant answered by general demurrer and general denial. The demurrer was overruled, jury waived, and cause submitted to the court. Judgment for plaintiff for $609.70.

On the trial the plaintiff proved that he made an effort to procure employment after his discharge; to which evidence the defendant objected, because there was no allegation in the plaintiff's petition that plaintiff had suffered any loss or damage by reason of his being thrown out of employment, which objection was overruled. The defendant appealed and assigned several grounds of error, all of which, however, involve but the single proposition, viz: whether the plaintiff was entitled to recover upon the allegation contained in his petition.

Opinion by Walker, J.—The damages claimed by the plaintiff were not required to be set out more specially than was done in the petition in this case. Where the damages claimed result, *prima facie*, as a matter of legal inference from the facts stated, it is always sufficient.

In a note in Sedgwick on Damages, sixth edition, page 731, the distinctions that exist between general damages and special damages are well and concisely stated, with apt illustrations for the application of the rules applicable to each in various kinds of action. Quoting briefly, it is there said, upon reference to numerous authorities: "All legal damages must, whether the action be in contract or in tort, *naturally* result from the act or default complained of; and, although the law in certain cases permits the recovery of such damages as are physically secondary, or consequential, yet they must, in legal contemplation, be also its *proximate* result. Where such result is necessary, or is legally imported by the facts, the damages are general, and need not be specially set forth in the pleading; otherwise they must.

Among the numerous cases which illustrate the rule above given, may be cited that of the case of a suit for loss of profit which would have been the direct result of work done at the contract price, and which is prevented by the defendant's wrongful act— where the declaration or petition need not contain a special allegation of such loss to enable the party to recover, if it sets up the substantial nature of the agreements. (Burrell v. New York and Saginaw Solar Salt Company, 14 Mich., 38.)

Applying these principles to the facts alleged by the plaintiff as constituting his cause of action, he was *prima facie* entitled to recover damages as the legal consequence of those facts. (See Field on Damages, sec. 340; also, Nations v. Cudd, 22 Texas, 552; Mead v. Rutledge, 11 Texas, 53 and 54.)

We conclude that the judgment ought to be affirmed, there being no error apparent upon the record, and so award.

Report of Commissioners of Appeal examined, their opinion adopted, and judgment affirmed.—GOULD, C. J.