### R. G. SMITH & CO. v. LANGEVER. *
### (No. 7135.)

(Court of Civil Appeals of Texas. San Antonio. April 9, 1924. Rehearing Denied May 7, 1924.)

1. Partnership ⏎56—Evidence held to warrant finding of partnership.

Evidence of acquiescence in use of one's name by another *held* to warrant finding that partnership existed.

2. Trial ⏎350(4)—Requested issues in action under contract held properly refused.

In action against alleged partnership to recover under advertising contract, issues as to whether contract was necessary to the business, and done in the usual and customary course of business, and whether plaintiff had breached the contract by failing to replace a sign, *held* properly refused.

3. Damages ⏎124(1)—Full recovery under contract matured before full performance held unwarranted.

Where advertising contract, at the time it was matured under its terms for failure to pay an installment due, remained unperformed in part, full recovery of the contract price was unwarranted.

4. Damages ⏎124(3)—Measure of damages for advertising contract stated.

One suing for services rendered under an advertising contract after the other party

---

thereto had discontinued business *held* limited in his recovery to the contract price for the services performed to the date of the cessation of business by the other party and to the actual loss of profits after that date, and not entitled to recover the full contract price for the whole period.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by J J. Langever against R. G. Smith & Co. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Sawyers & Ambrose, of Fort Worth, for appellant.

Charles T. Rowland and Marvin H. Brown, both of Fort Worth, for appellee.

COBBS, J. This suit was instituted by appellee to recover against appellants the sum of $3,150, an alleged balance due upon a written partnership contract, as follows:

"The J. J. Langever Service, Sign Makers.

"Out Door Advertising.

"List of Locations of Bulletins and Wall Signs.

"For R. G. Smith & Co., Cor. 7th and Commerce Streets.

"Gentlemen: You are hereby authorized and directed to paint for us in good and workmanlike manner, as per design agreed upon, and maintain same on exhibition for three years from date each sign is completed, an advertising sign located as described below, at prices per board per month set opposite. It is understood that any display lost will be replaced in equally good location. The term 'repaint' means to re-do with same copy and same color.

| Location. | Size. | Price Each Month. |
|---|---|---|
| Houston and 11th Sts. | 35'x10' | $17.50 |
| Railroad Ave. and Jennings Ave., lower space. | 30'x10' | 17.50 |
| East Front St. Block, Jones Street, head on. | 25'x10' | 17.50 |
| West 7th St., on framework, junction of three roads. | 25'x10' | 17.50 |
| North Main St. at 7th, Come Back Fight, Park | 25'x10' | 17.50 |

"All or any of the above to be repainted at the end of six months without extra cost.

"In consideration of which above described service, we hereby promise and agree to pay monthly to the order of the J. J. Langever Service the aggregate of the rental indicated above,

"Notice.—No condition or statement made by agents, verbal or otherwise, binding the J J. Langever Service other than stated in this contract, and is accepted on that basis only.

"This contract not subject to cancellation.

"Failure to pay rentals when due, the full amount becomes due and payable.

"Accepted: The J. J. Langever Service, by R. A. Thannish.

"Signed in duplicate, R. G. Smith & Co.

"Date, 6—15—21."

The petition charges that R. G. Smith & Co. was a partnership composed of R. G. Smith and W. B. Smith, and they were sued as partners; but there is no allegation describing the character of business in which they were engaged.

R. G. Smith filed an answer containing general and special exceptions, general denial and special answer, and a sworn answer denying partnership.

W. B. Smith filed an answer admitting the execution of the contract, and adopting the answer of R. G. Smith as his. He alleged that he was induced by the fraudulent representations of appellee's agent to sign the contract, and that when such representations were made appellee never intended to carry them out; and by which failure said appellant was damaged in the sum of $2,000, and sought to recover his damages by cross-action.

This cause was tried with a jury, and the court submitted only one issue to the jury, and that was:

"Special Issue No. 1. Question: Do you find from all the facts and circumstances in evidence that at the date of the contract in question R. G. Smith and Willis B. Smith were partners in the business conducted at Seventh and Commerce streets in the city of Fort Worth, Texas?" To which the jury answered, "Yes," and thereupon the court entered a judgment in favor of appellee for $3,098.20 against the partnership and the individual members thereof.

Neither the pleadings nor the proof allege or show any partnership business or undertaking, in which appellants were jointly engaged. The business for which the signs were put up belonged solely to W. B. Smith, in which R. G. Smith had no interest.

[1] The first error questioned is that there was no evidence that justified the jury in finding a partnership existing between appellants. Upon that issue the findings of the jury were, perhaps, fully supported by the testimony. While R. G. Smith in fact had no interest in the alleged firm, with full knowledge he permitted the use of his name that appeared as such on glaring signs, and other publications. In fact, he permitted it done after he had knowledge of the use made of his name, because, as he stated, he thought it was of a benefit to his son, though he did not authorize his son in the first instance to sign the contract, or permit his name to be used on the billboard signs or otherwise. It all had been done before it came to his actual knowledge.

[2] Appellants requested a number of special issues to be submitted to the jury. The first was as to whether the contract was an act done in the usual and customary course of business; was it necessary to carry on the business, etc.; did plaintiff breach the contract by failing to replace a sign with the

same copy? These were properly refused by the court. Appellants also requested special issues to the effect: Did plaintiff promise, in consideration of the signing of the contract, that he would require his employees to trade with the defendants; and did plaintiff promise defendants to give them the contract for plumbing work on the contemplated new building?

There was no sufficient, certain, or definite allegation of fraud, nor any proof that shows that any fraud was in fact committed, nor any proof whatever that would be the basis of any recovery. All this was too vague, general, and indefinite as fixing a standard or measure for damages. It was wholly immaterial. As the judgment of the court will be reversed upon other grounds, and as none of these questions may arise on another trial, it is not necessary for us to express any opinion now on the questions.

Appellee pleads:

"That pursuant to said contract the plaintiff in strict compliance and full performance thereof, has fully erected and completed said bulletin board and outdoor advertising and maintained same from the first day of July 1921, and ever since, and will continue to maintain, carry out and perform all and singular his obligations to the said defendant under and by virtue of the contract aforesaid." That defendants having defaulted in the payment of said monthly installment per board, and that plaintiff exercising the right to do so, did on the —— day of July, 1922, declare the entire indebtedness due and payable, etc.

Appellants challenge the rule for the measure of damages contended for by appellee and allowed by the court. We agree with appellants' contention on the measure of damages in this case.

[3] At the time the contract was matured under its terms, the appellee had not, and under its very covenant did not, become entitled to a full recovery for the full amount of the contract price for the reason that part of the contract was yet in the future to be performed. Porter. v. Burkett, 65 Tex. 383; Meade v. Rutledge, 11 Tex. 44; Hearne v. Garrett, 49 Tex. 625; Hood v. Raines, 19 Tex. 404; Litchenstein v. Brooks, 75 Tex. 196, 12 S. W. 975; Louisiana Canal Co. v. Quinn (Tex. Civ. App.) 161 S. W. 375; Carrico v. Stevenson (Tex. Civ. App.) 135 S. W. 260; Texas Farm Bureau v. Stovall (Tex. Civ. App.) 248 S. W. 1109; Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165; Osage Oil Co. v. Lee (Tex. Civ. App.) 230 S. W. 518; Waco Tap Ry. v. Shirley, 45 Tex. 355; 35 Cyc. 1446. Damages ordinarily are such only as accrue up to the trial.

The case of Pantaze v. Farmer (Tex. Civ. App.) 205 S. W. 521, so much cited and relied on by appellee, in support of the judgment is not in point here.

[4] W. B. Smith, for whose benefit the contract was made, under the alleged firm name, failed and went out of business, and could not completely carry out the contract. The business was discontinued, and the future advertising of the business on the billboards could not possibly benefit him. Appellee was not authorized, under this peculiar contract, to recover more than for the services performed prior to the time the business was discontinued and for money expended already in performing his contract; and whatever his profits might be if he had been allowed to fully carry out his contract.

To carry out the contract thereafter, he would have no doubt been compelled to expend money for labor and for paint to be used and rent to be paid on the location of the signs, and to maintain them against loss or destruction by wind or storm or other causes and, under the terms of the contract, repaint them every six months.

Appellee is entitled to recover damages for the delinquency of appellants, and for whatever he lost of the value of the job, or time or preparation, or loss of other jobs, but not the whole contract price, because of any allegation of readiness to perform or tender of performance in this case by appellee. The contract here is for the continuance of service, and no such allegation or offer of performance raises any presumption that the whole undertaking would be performed, and therefore not equivalent in law to performance. It is not a case where it could be done by a single act, nor one clearly apportionable so as to determine the measure of damages to which appellee is presently entitled. Meade v. Rutledge, 11 Tex. 44; Hood v. Raines, 19 Tex. 404; Hearne v. Garrett, 49 Tex. 625; Waco Tap. Ry. v. Shirley, 45 Tex. 375.

Clearly the judgment herein which compels appellants to pay the full contract price, which contract was yet to run 18 months, is requiring of the one party to specifically perform when no specific performance may be required of appellee, the other party.

The contract is suable for the monthly payments, and the recovery should be, according to the contract, payable monthly up to the time of notice of repudiation, which was June 5, 1922, and thereafter his recovery should be for damages such as he could show by the evidence that he sustained, because his future damages, loss of profits, etc., would be entirely speculative.

There was no real partnership existing between the appellants, as shown by appellee, and no partnership assets of that alleged firm, but that was not material, so far as the liability of the parties is concerned. They were both bound to pay for the expressed services the agreed price set out in the written obligation. R. G. Smith was also bound by estoppel.

For the error pointed out in the judgment, the judgment of the trial court is reversed, and the cause remanded for another trial.