## CLARK vs. MARSIGLIA.

The measure of damages against a party who has employed another to do certain mechanical work at a price agreed upon, and who has countermanded his directions and forbidden the further execution of the work, after it had been commenced, is not the whole amount agreed to be paid, but a just recompense for such injury as the party employed has sustained on account of the breach of the agreement. The party so employed has no right to proceed with the work after such countermand.

ERROR from the New-York common pleas. Marsiglia sued Clark in the court below in assumpsit, for work, labor and materials, in cleaning, repairing and improving sundry paintings belonging to the defendant. The defendant pleaded *non assumpsit.*

The plaintiff proved that a number of paintings were delivered to him by the defendant to clean and repair, at certain prices for each. They were delivered upon two occasions. As to the first parcel, for the repairing of which the price was seventy-five dollars, no defence was offered. In respect to the other, for which the plaintiff charged one hundred and fifty-six dollars, the defendant gave evidence tending to shew that after the plaintiff had commenced work upon them, he desired him not to go on, as he had concluded not to have the work done. The plaintiff, notwithstanding, finished the cleaning and repairing of the pictures, and claimed to recover for doing the whole, and for the materials furnished, insisting that the defendant had no right to countermand the order which he had given. The defendant's counsel requested the court to charge that he had the right to countermand his instructions for the work, and that the plaintiff could not recover for any work done after such countermand.

The court declined to charge as requested, but, on the contrary, instructed the jury that inasmuch as the plaintiff had commenced the work before the order was revoked, he had a right to finish it, and to recover the whole value of his labor and for the materials furnished. The jury found their verdict

accordingly, and the defendant's counsel excepted. Judgment was rendered upon the verdict.

*C. P. Kirkland,* for the plaintiff in error, after stating the point, was stopped by the court.

*A. Taber,* for the defendant in error. By the contract between these parties, the plaintiff acquired the possession of these pictures, and a right to use his materials and labor upon them, and a lien upon them for payment. He could not be divested of these rights except by his own consent. This case differs from those where a party is in a situation in which he may violate a contract by refusing to perform a stipulation which is indispensable to enable the other party to go on. In such cases the contract is necessarily broken up, and the court can do no more than to compel the payment of such damages as are appropriate to the breach. Here the defendant had not the physical right to violate his contract, and not having the legal or moral right to do it, it cannot be done.

PER CURIAM. The question does not arise as to the right of the defendant below to take away these pictures, upon which the plaintiff had performed some labor, without payment for what he had done, and his damages for the violation of the contract, and upon that point we express no opinion. The plaintiff was allowed to recover as though there had been no countermand of the order; and in this the court erred. The defendant, by requiring the plaintiff to stop work upon the paintings, violated his contract, and thereby incurred a liability to pay such damages as the plaintiff should sustain. Such damages would include a recompense for the labor done and materials used, and such further sum in damages as might, upon legal principles, be assessed for the breach of the contract : but the plaintiff had no right, by obstinately persisting in the work, to make the penalty upon the defendant greater than it would otherwise have been.

To hold that one who employs another to do a piece of work

is bound to suffer it to be done at all events, would sometimes lead to great injustice. A man may hire another to labor for a year, and within the year his situation may be such as to render the work entirely useless to him. The party employed cannot persist in working, though he is entitled to the damages consequent upon his disappointment. So if one hires another to build a house, and subsequent events put it out of his power to pay for it, it is commendable in him to stop the work, and pay for what has been done and the damages sustained by the contractor. He may be under a necessity to change his residence ; but upon the rule contended for, he would be obliged to have a house which he did not need and could not use. In all such cases the just claims of the party employed are satisfied when he is fully recompensed for his part performance and indemnified for his loss in respect to the part left unexecuted ; and to persist in accumulating a larger demand is not consistent with good faith towards the employer. The judgment must be reversed, and a *venire de novo* awarded.

Judgment reversed.