Durkee *v.* Mott.

SAME TERM.   *Before the same Justices.*

### DURKEE *vs.* MOTT.

The measure of damages against a party who has employed another to raft his piles and dock-logs to market, at a specified price, and who puts an end to the contract before any labor has been done by the other party, is the actual and also the consequential damages not too remote, sustained by the latter.   That is, the profit he could have made by the fulfilment of the contract, and the immediate loss he has suffered in preparing to perform, and sending men for that purpose.

In an action for the breach of such a contract, evidence by the defendant, to show that the fulfilment of the contract would have cost the plaintiff more than he was to receive from the defendant, is proper.

The finding of a referee, upon a question of fact, where the testimony is not decisive either way, is conclusive; and his report will not be set aside unless some principle of law has been violated.

THIS was a motion, made upon a case, to set aside the report of a referee.   The action was to recover damages for a breach of contract by which, as alledged, the plaintiff was to take the defendant's piles to New-York, for one dollar and twenty-five cents, and his dock logs for sixty-two and an half cents; averring that the plaintiff had offered to fulfil, and that the defendant had refused to allow him to do so.   The plaintiff was to allow the defendant certain prices for withes and poles to raft with. There were also common counts.   Plea non-assumpsit and notice of set-off.   The contract, as set up, was by parol, and the plaintiff's witnesses testified to it substantially, and that the

defendant was to furnish withes and poles at a certain price. If the defendant sold the timber in Troy, a proportionate deduction was to be made. After the plaintiff had rested, the defendant offered to show that it would cost more than the price agreed upon to raft the dock-sticks and piles to New-York, which offer was overruled, and he excepted. The plaintiff proved that he sent two men the next day (Sunday excepted) to commence the rafting, but they were prevented by the defendant, who shortly after sold the timber. The defendant gave evidence to show that no bargain was completed, because the parties could not agree upon the amount of advances while the work should be progressing, and also that the defendant was to have a right to sell when he pleased, and pay in proportion. That the conversation took place on Saturday, and on Monday the defendant wrote to the plaintiff that he did not wish him to raft the timber.

The referee found that a contract was made, as alledged in the declaration, and that the defendant had omitted and refused to carry it out. That the plaintiff was out of employment for a time, and that he could have taken the defendant's sticks with a raft of other timber which he took to New-York, at a profit of three and a half cents each. And the referee allowed the plaintiff $1,50 for time in making the contract, $2 for time of two men sent to begin the rafting, $25 for lost time before the plaintiff found other rafting to do, and $23 for what he could have made as profit in taking the sticks with his raft. The referee did not allow the contract price, because the plaintiff found employment after he took another raft. The cause was submitted without argument, upon points, bv

*H. B. Northrup,* for the defendant, and

*J. Parry,* for the plaintiff.

*By the Court,* HAND, J. This contract, if made at all, was certainly made in a very loose manner, and the conversation between the parties seems to have been variously understood by the different persons present. The witnesses of the defend-

ant, if correct, showing no contract at all, and that all negotiation was broken off on Monday after the Saturday on which it began. In this view it would lay no foundation for an action. But the referee has found that there was a contract, and a breach of it by the defendant; and as the testimony is not decisive either way, his finding is sufficient on that branch of the case, and the report can not be disturbed unless some principle of law has been violated.(a)

In *Shannon* v. *Comstock*, (21 *Wend.* 457,) it was held that all the plaintiff could recover for the breach of a contract, by which the plaintiff was to transport horses for the defendant, on the canal, by the refusal or inability of the defendant to fulfil, was the real loss or injury the plaintiff had sustained. And where the defendant contracted to load a ship, and furnished only part of a cargo, it was held that an offer of the deficiency by a third person, which was refused, must go in reduction of damages. (*Heckscher* v. *McCrea*, 24 *Wend.* 304.) In *Clark* v. *Marsiglia*, (1 *Denio*, 317,) it was held that not the contract price agreed upon for doing certain work, but a just compensation for the injury occasioned by the breach of the contract, was the measure of damages. (*And see Masterton* v. *Mayor, &c. of Brooklyn*, 7 *Hill*, 61; *Clark* v. *Mayor, &c. of New-York*, 3 *Barb. Sup. C. R.* 288; *Sedgwick on Damages*, 206.) In *Costigan* v. *Mohawk and H. Railroad Co.* (2 *Denio*, 609,) the supreme court adopted a liberal rule of damages. Beardsley, J. who gave the opinion, thought the employer must show that the plaintiff had an opportunity to obtain employment of the same general character; that the burden of proof was on the defendant, and that without this the plaintiff was entitled to recover for the whole term for which he was engaged. This was carrying the rule of compensation to its fullest extent. In this case the referee seems to have endeavored to apply the rule in *Costigan* v. *M. & H. Railroad Co.* as to contracts for services, and

(a) See *Esterly* v. *Cole*, (1 *Barb. S. C. Rep.* 235;) *Green* v. *Brown*, (3 *Id.* 119;) *Baker* v. *Martin*, (*Id.* 634;) *Watkins* v. *Stevens*, (4 *Id.* 168;) *Spencer* v. *The Utica and Schenectady Railroad Co.* (5 *Id.* 337;) *Eaton* v. *Benton*, (2 *Hill*, 578;) *Keeler* v. *The Firemen's Ins. Co.* (3 *Id.* 256;) *Douglass* v. *Tousey*, (3 *Wend.* 356.

that in *Heckscher* v. *McCrea*, as to freight. He gave damages for lost time up to the time the plaintiff found other employment, as on a contract for service; and also, to a certain extent allowed the difference between the cost and expense of fulfilling the contract and the contract price. In this I think he was wrong. It is difficult to see how the plaintiff can have both. If it be said the referee allowed the loss after giving the defendant the benefit of another rafting contract; that I think also erroneous. This case is not like that of *Costigan* v. *M. & H. Railroad Co.*, which was a mere contract of service for a specified time. Nor like that of *Heckscher* v. *McCrea*, where the ship was abroad and capable of earning so much freight, and the case governed by the rules of commercial law. It is more like *Clark* v. *Marsiglia*, where paintings were delivered to the plaintiff to be cleaned and repaired at certain prices for each, and after commencing the work the defendant stopped him, and it was held that the plaintiff could not recover the whole contract price, but only a just recompense for the labor done, and also for the damages sustained by a breach of the contract. So in this case, if the referee found there was a contract, and a breach by the defendant, as no labor had been done, all the plaintiff could recover was such damages for that breach as he might upon legal principles assess. After the defendant had refused to let the plaintiff perform the contract, the plaintiff was not bound to stand ready to perform in all time to come; nor even during all that season. He was not obliged to aver and prove an offer to perform, with *uncore prist*. According to the rule adopted by the referee, the plaintiff, if he had found no other rafting to do, would have recovered for the lost time of himself and of his men, sufficient to carry on the business of rafting the whole season, or for the time it would have taken to perform this contract. The contract was in the nature of a bailment, *locatio mercium vehendarum*, undertaken by a private person, rather than of service. The plaintiff, on proving the contract and its breach, was entitled to the actual and also to the consequential damages, not too remote. That is, what he could have made by its fulfilment, and the immediate loss he sustained in preparing to

Moshier *v.* The Utica and Sch. Railroad Co.

perform, and sending his men for that purpose. There are cases where performance is a condition precedent, (*Marsh* v. *Rulesson,* 1 *Wend.* 514,) and in others a readiness to perform the service is sufficient. Some of those in our courts were put upon the ground of entire damages. (*Champlin* v. *Rowley,* 18 *Wend.* 187. *Costigan* v. *M. & H. Railroad Co. supra.*) But this case I think comes within the spirit of the cases of *Masterton* v. *Mayor of Brooklyn,* (7 *Hill,* 62,) and *Clark* v. *Marsiglia,* (*supra,*) and *Shannon* v. *Comstock,* (*supra.*)

It follows that the rule of damages adopted by the referee was erroneous; and also that the evidence offered by the defendant, to show that the fulfilment of the contract would have cost more than he was to give, was improperly rejected.

The time the plaintiff spent in making the contract, is not properly an item in the assessment of damages. Where there is no fraud, and no express agreement to that effect, I am not aware that any thing antecedent to the closing of the bargain can be allowed as damages for breaking it. The contract takes effect from that time.

The report must be set aside, and the cause sent back for another hearing, with costs to abide the event.

Report set aside.

———•••———

Same Term.     *Willard and Hand,* Justices.