George D. Lord et al., Appellants, *v.* John R. Thomas, Respondent.

The State cannot be compelled to proceed with the erection of a public building or the prosecution of a public work at the instance of a contractor therefor.

A law of the State suspending or discontinuing a public work under contract, or providing for its performance by different agencies, is not subject to any constitutional objection because the change authorized involves a breach of the contract; the obligation of the contract is not impaired by the refusal of the State to perform it; the contractor, if not in default, has a just claim against the State for damages resulting from the breach and a remedy by appeal to the legislature.

Accordingly *held*, that the act of 1874 (chap. 323, Laws of 1874), suspending the commissioners appointed under the act of 1870 (chap. 427, Laws of 1870) to construct a State reformatory at Elmira, and providing for the appointment of a superintending builder with power to contract for a completion of a certain portion of the work upon a changed plan, etc., although in effect a refusal to proceed under the plans and contracts then existing for the work, and a violation of such a contract, was not unconstitutional, and that an action could not be maintained at the suit of a contractor to restrain the superintending builder, appointed under said act of 1874, from entering into a new contract under the authority of and in the manner prescribed by said act.

(Argued January 24, 1876; decided February 1, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant entered upon a decision of the court at Special Term.

This action was brought to have the act chapter 323, Laws of 1874, declared unconstitutional and void so far as it authorized defendant, as superintending builder of the State reformatory at Elmira, appointed under said act, to relet a contract for the brick and stone work of said building, and to restrain defendant from entering into any such new contract.

The court found, in substance, that under the act chapter · 427, Laws of 1870, commissioners were duly appointed to erect the State reformatory at Elmira, who entered into a contract with one George W. Aldrich for the brick and stone

work of the buildings, which contract was assigned by Aldrich, with the assent of the commissioners, to plaintiffs, who entered upon the performance, and have performed, and are ready and willing to complete performance. That under and in pursuance of the provisions of said act of 1874 the defendant was duly appointed one of the superintending builders provided for by said act, and was duly assigned to and assumed the sole charge of the said Elmira reformatory; that he changed the plans and specifications of said reformatory so as to render the sum of $300,000 sufficient to complete the center building and south wing so as to receive convicts (which changes of plan and specifications were duly approved by the governor and comptroller), and had proceeded duly to advertise for proposals for furnishing the materials and labor necessary for the erection and completion of said center building and south wing, according to said new plans and specifications, when this action was commenced and the temporary injunction herein was served upon him. That the contract of the plaintiffs, based upon the plans and specifications of the said commissioners, was wholly inapplicable to the new plans and specifications of the defendant, approved as aforesaid, and that it would have been impossible to erect the said buildings, according to the said new plans and specifications, under the said contract of the plaintiffs.

*Wm. H. Bowman* for the appellants. Plaintiffs had no remedy against the State, and no action could be brought against it. An injunction was the proper remedy. (High on Injunctions, § 796.)

*Geo. F. Danforth* for the respondent. No case was made for equitable relief. (High on Injunctions, §§ 695, 697; *People* v. *Canal Board*, 55 N. Y., 394; *Thompson* v. *Comrs., etc.*, 2 Abb. Pr., 248.) Plaintiffs, if injured, have a claim against the State. (*Coster* v. *Mayor of Albany*, 43 N. Y., 408; *Ex parte Lange*, 18 Wall., 200.) Defendant, in doing the acts complained of, violated none of the plaintiffs' rights. (Laws of 1874, chap. 423, p. 400.)

ANDREWS, J.    This action cannot be maintained.

1. The State cannot be compelled to proceed with the erection of a public building, or the prosecution of a public work at the instance of a contractor with whom the State has entered into a contract for the erection of a building or the performance of the work.   The State stands, in this respect, in the same position as an individual, and may at any time abandon an enterprise which it has undertaken, and refuse to allow the contractor to proceed, or it may assume the control and do the work embraced in the contract, by its own immediate servants and agents, or enter into a new contract for its performance by other persons, without reference to the contract previously made, and although there has been no default on the part of the contractor.   The State in the case supposed would violate the contract, but the obligation of the contract would not be impaired by the refusal of the State to perform it.   The original party would have a just claim against the State for any damages sustained by him from the breach of the contract, and although the claim could not be enforced through an action at law, the remedy by appeal to the legislature is open to him, which can, and it must be presumed will, do whatever justice may require in the premises.   This remedy is the only one provided in such a case, and this is known to the party contracting with the State, and the courts cannot say that is not certain, reasonable and adequate.   (See *Coster* v. *Mayor, etc.*, 43 N. Y., 408.)   If the court should undertake by its order or judgment to protect the contractor in the possession of the building or premises to enable him to proceed with the work under his contract, he would still be left without remedy to obtain payment except through an appropriation by the legislature.   A law of the State suspending or discontinuing a public work or providing for its performance by different agencies from those theretofore employed is not, therefore, subject to any constitutional objection because the change would involve a breach of contract with a contractor with whom it had entered into a contract for doing it.   That a person who has

employed another to perform labor may refuse to allow the other party to proceed, and that the latter cannot thereafter insist upon specifically performing the contract, was decided in *Clark* v. *Marsiglia* (1 Den., 317).

2. The legislature, by chapter 323, Laws of 1874, in effect refused to proceed with the construction of the Elmira reformatory under the existing plans and contracts for the work. The building of the reformatory was authorized by chapter 427 of the Laws of 1870. The act provided for the appointment by the governor of five building commissioners, who were charged with the general superintendence of the ground for the reformatory, which they were authorized to purchase, and the design and construction of the building, subject to the approval by the governor, comptroller and State engineer of the plan adopted by the commissioners. Under this act a site was purchased, and a plan of the building was adopted and approved, and the commissioners entered into a contract with one Aldrich to furnish the materials and do the stone and brick work required in its erection. The contractor, with the consent of the commissioners, assigned his contract to the plaintiffs, who proceeded with the work, and there had been expended in all, at the time the act of 1874 was passed, including the sum expended in the purchase of the site, the sum of $458,000. The foundation walls had then been laid, and a portion of the front wall, and some other work had been done, and a much larger sum than had been expended would have been required to complete the building according to the plan. The act of 1874 suspended the commissioners appointed under the act of 1870, and provided for the appointment by the governor of a superintending builder in their place, and vested in him, so far as the construction of the building was concerned, all the powers and duties theretofore possessed by the commissioners. It appropriated $300,000 to complete the center building and south wing, provided the plan of the building could be so changed that the appropriation should be sufficient for that purpose, and required that the new plan should

be approved by the governor and comptroller. It further provided that "the purchasing of the material and all things connected with the *execution* of said building shall be done by contract, and all contracts shall be awarded to the lowest responsible bidder, after being advertised as is now required by law for the letting and advertising of State work on the canals." This legislation was inconsistent with the plaintiffs' contract. It was the evident intention of the legislature to change the plan of the building so that the center building and wing might be completed at a cost not exceeding the amount of the appropriation, and also that the work should be done by contract after advertisement, and that the contract should be let to the lowest responsible bidder. The purpose of letting the work on the changed plan by advertisement is inconsistent with an intention that the plaintiffs should proceed under their contract. So also by the contract with Aldrich, the commissioners by whom it was executed were made the final arbiters in case of disagreement between the contractor and the superintendent or engineer employed by the commissioners in making up the final account of work done under the contract, and it contains other provisions inconsistent with the performance of the work under the plaintiffs' contract.

3. The defendant was appointed superintending builder under the act of 1874. It was within the scope of his authority to enter into a new contract for the completion of the center and south wing of the building with the lowest bidder, after due advertisement, and he could not be enjoined from proceeding to execute the authority conferred upon him as the agent of the State, and from advertising in letting the work, at the instance of the plaintiffs, who had no legal interest in the question, and whose rights were not impaired by his proposed action.

The judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.