By the Court.—Sedgwick, J.
The complaint did not charge and the proof did not show, that the defendants’ act in taking possession of the steamboat was malicious. The measure of damages therefore was compensation to the plaintiff, assuming that he had a cause of-action, and unearned and speculative profits cannot be included as a part of the damages to be recovered (Wehle v. Haviland, 69 N. Y. 451). This is a specific rule to be followed here. This case is not one of trespass, the direct and immediate consequence of which was the breaking up of a business. There was no direct interference with the plaintiff’s excur *404 sions. If the boat had been taken by the defendants when he had upon it a large number of people, ready to make an excursion, and the excursion being on foot was directly broken up, a question not in the present case would have been presented. The plaintiff was deprived of the use of the boat for excursions. But there was no proof that he could not, for that reason, continue his business of gaining profits from organizing excursions. The presumption is, in a commercial port like New York, and it is a matter of common knowledge, that other boats could be hired, fitted for plaintiff’s purposes.
I am of opinion therefore that the plaintiff could have as damages (if the defendants’ act was wrongful), 1st, the market value of the charter, with its limitations and conditions for its unexpired time, if there were such a value; 2d, or the difference (if any) it would require to be paid to hire another equally fit boat, and a compensation to be fixed by the jury for the plaintiff's time and trouble in procuring another boat; 3d, or the difference between the price to be paid by plaintiff under the charter-party and the market value of the use of the boat through the unexpired time of the charter, for the purposes of excursions, if there were such a value (Blanchard v. Ely, 21 W. 342 ; Clark v. Marsiglia, 1 Den. 317; Griffin v. Colver, 16 N. Y. 491; Rogers v. Beard, 36 Barb. 31; Cassidy v. LeFevre, 45 N. Y. 562 ; Allen v. Fox, 51 Id. 562). The plaintiff was not entitled to evidence offered to show the probable future profits. They were uncertain and contingent, depending upon weather, the whim of people seeking pleasure, and other accidental facts.
In Durkee v. Mott, 8 Barb. 426, the court held that the plaintiff might recover what he would have made if the defendant had kept the contract and paid what, by the contract, he had promised to pay. This would have called upon the plaintiff to prove certain *405 matters of expenses, viz.: labor, which are not uncertain and contingent so far as they affected the measure of damages in plaintiff’s favor. The damages had regard to the very subject-matter of the contract and not to a remote and only possible consequence of a breach.
In Bagley v. Smith, 10 N. Y. 489, the damages were held to be compensation for a loss of future profits, because the loss was a direct and immediate consequence of a breach of the contract, which Was made by both parties with reference to future profits.
In Marquart v. La Farge, 5 Duer, 565, it was assumed, on the facts of the case, that the immediate, direct, and necessary consequence of the defendant’s tort was a breaking up of plaintiff’s business, and that the value of the good-will of the business could be recovered. The court therefore sustained the admission of evidence as to the character of the business before the trespass, intimating that testimony being in substance a calculation of future or probable profits, would not have been allowed.
I am therefore of opinion that the plaintiff’s offer of testimony to prove what would have been the profits of a,n excursion business carried on with the boat was properly overruled. The testimony as to the profits immediately before the defendants took possession was irrelevant and immaterial, because the plaintiff was not entitled to a recovery for the breaking up of a business, for which the defendant was not liable.
But I am constrained, from the case as settled, to think, that certain evidence offered by plaintiff, as to the value of the use of the boat for the unexpired time of the charter-party was excluded, which should have been allowed.
While the plaintiff was on the stand he was asked on his own behalf, Were there opportunities after July 15, down to September 7, to charter the boat, the *406 William Coolc, for excursions beyond those mentioned in a certain list that had been given in evidence, of excursions for which the boat had been taken by third parties ? Upon defendant’s objections the question was excluded. The plaintiff’s counsel then, in the words of the case, proposes to prove the market value of a boat of that kind, for excursions similar to those mentioned in the list, and in addition to that, offers to show the daily expenses of running the boat, and claims that the boat could be chartered for more than it would cost to run the boat and the rent of the boat. An objection to the witness not being competent to express an “opinion on the subject” had been waived. The testimony would have gone to show what was the market value of the use of the boat for the unexpired time of the charter. He should have been allowed to prove this, as the breach had directly deprived him of the use. There was nothing uncertain or speculative in that, or in the running expense which it was proposed to deduct.
I regret to come to this conclusion, for having tried the case once, and in considering what has been the nature of the real dispute between the parties, I am inclined to think that the plaintiff does not actually rest his claim to damages upon the kind of proof now in question, but the point was fairly made upon the trial, and here the plaintiff is entitled to a new trial, if the exception is good, as I think it is.
Later in the trial, the plaintiff was asked in his own behalf what it would have cost to hire a boat after the defendants took possession for the unexpired time, or a charter like the one in suit. The subject-matter of the inquiry was proper, but the question was properly excluded, as the defendants then took an objection that the witness had not sufficient knowledge or experience to answer the question, and in fact it appeared that he had not.
*407 The exception as to the value of the use of the boat from July 15 to September 7 being sustained, there should be a new trial, with costs to abide the event.
Freedman, J., concurred.