## New York Marine Court.

*Trial Term—January 21, 1881.*

### SHARP'S PUBLISHING COMPANY *against* ALEXANDER GRANT.

Breach of executory contract to print a newspaper from materials to be furnished by defendants, and the damages recoverable thereon.

Trial by the court, without a jury.

McADAM, J.—The plaintiffs agreed to furnish 1,000 copies per month for twelve months, of a paper to be

called *Grant's Zanesville Journal of Fashion.* These were to be prepared in New York and forwarded to Grant at Zanesville, Ohio. The latter, on the 25th of each month, to furnish editorial matter for the fourth page, and advertisements for the seventh and eighth pages ; the paper being what is known among news-paper men as "padded paper," the plaintiff furnishing all but the editorial matter which the purchaser fur-nishes, and the advertisements which the purchaser obtains in his particular locality ; and thus the whole is passed off upon the public as an original publication. The defendant in this case was to send his editorials and advertisements to New York. They were to be in-serted in their appropriate place ; and this matter, with the "padding" furnished by the plaintiffs, com-pleted the journal. On May 28, 1877, the defendant wrote to the plaintiffs, requesting that the time for the commencement of the contract be postponed from June till September, 1877, which was assented to. In August, 1877, the defendant wrote requesting that "dummies" be sent to him, with blank spaces show-ing where the advertisements were to go, so that he could number the spaces and sell them as numbered to advertisers. The "dummies," which consisted of the material furnished by the plaintiffs, called "padding," were sent on. On September 3, 1877, the defendant wrote requesting an abrogation of the contract, to which the plaintiffs did not assent. The defendant, although requested, never sent on the editorials nor the advertisements, and the plaintiffs in consequence were unable to complete and send on the journals in a salable condition. The plaintiffs bring this action to recover damages for the breach.

The original contract, modified only as to time, was never abrogated, and furnishes the plaintiff with a good cause of action for the breach. The fact that the contract provides that if matter for filling up the

paper is not delivered the plaintiffs may furnish the same, confers upon them an option but does not impose a duty. The term "may," as used in the contract, is permissive, but not obligatory. The defendant's conduct shows that he did not mean to perform his part of the obligation ; that he desired to be relieved from it ; while the plaintiffs invariably indicated not only a willingness to perform, but a determination to hold the defendant to the contract. Under the circumstances, the plaintiffs did right in not forwarding "dummies" for twelve months, and in not filling up the vacant pages with matter of their own, and then sending on one thousand completed papers a month, for twelve months, when it was evident the defendant did not want them. This course would have run up a bill of $600 a month, which for twelve months would have aggregated $7,200. If such a course had been pursued and such a bill created, the defendant might well have invoked the rule that plaintiffs must not unnecessarily accumulate damages, but must exercise every rational precaution in keeping them down to a sum sufficient to compensate for the breach at the time it occurs. Illustrations of this rule will be found in Clark *v.* Marshall, 1 *Denio*, 317 ; and in *Sedgwick on Damages*, 6 ed. 106.

Upon the entire case, as presented by the proofs, it is clear to me that the plaintiffs are entitled to the sum of $280, made up in this way : $100 for disbursements actually incurred, and $180 which they would have made in addition to reimbursing themselves if the defendant had carried out his part of the contract. The $50 paid to Sharpe as bonus or as commissions, on procuring the contract, is not recoverable. Adding $41 of interest to the $280, makes $321, for which sum judgment is awarded, with costs.

No appeal was taken from this judgment.