(18 Misc. Rep. 103.)

### PEOPLE ex rel. WEED–PARSONS PRINTING CO. v. PALMER.

(Supreme Court, Special Term, Albany County. September, 1896.)

**1. MANDAMUS TO STATE OFFICER—DISCRETIONARY ACTS.**

Mandamus will not lie to compel the secretary of state to give relator a copy of laws and books pertaining to elections, for the purpose of printing them under a contract awarded pursuant to Laws 1892, c. 683, § 72, to do state printing other than legislative, where the act authorizing the printing of election matter (Laws 1896, c. 909, §§ 19, 36) provides that the secretary of state shall procure the same "wherever he deems it desirable for the best interest of the state."

**2. CONSTITUTIONAL LAW—IMPAIRING CONTRACT.**

An act which authorizes the secretary of state to procure the printing of a compilation of election laws "wherever he deems it desirable for the best interest of the state" (Laws 1896, c. 909, § 19) is not unconstitutional, as impairing the obligation of a contract to do all printing not legislative, awarded plaintiff pursuant to Laws 1892, c. 683, § 72, at a time when the secretary of state was required (Laws 1892, c. 680, §§ 19, 40) to furnish county clerks copies of statutes relating to elections, passed during each next preceding year, or copies of new compilations made by him of such laws.

Application by the Weed-Parsons Printing Company for a mandamus against John Palmer, secretary of state, to furnish relator with a copy of laws and books for the purpose of printing a compilation of the election laws and registration books.    Denied.

Rosendale & Hessberg, for relator.

T. E. Hancock, Atty. Gen., and W. E. Kisselburg, Dep. Atty. Gen., opposed.

CHESTER, J.    The relator moves for a peremptory writ of mandamus directed to the defendant, commanding him to deliver to the relator for printing the material or copy of the laws relating to elections directed to be printed by section 19, and the material for preparation of the blank books for registration of voters directed to be purchased by the secretary of state by section 36, of the election law (Laws 1896, c. 909).    The relator holds a contract entered into between it and the secretary of state and comptroller, on behalf of the state, pursuant to section 72 of the executive law (chapter 683, Laws 1892), for the doing of the public printing other than legislative, which contract is now in force, and does not expire until January 20, 1897.    The election law (section 19) in force at the time of the execution of this contract required the secretary of state, within 60 days before each general election, to transmit to the county clerk of each county, for the use of county, town, village, and city clerks and inspectors of election, a certain number of copies of the statutes amending or repealing any portion of the election law, and of such other statutes relating to elections, passed during each next preceding year, or such new compilations made by him of the statutes relating to elections, as he shall deem advisable. It also required (section 40) the secretary of state to prepare a suffi-

cient number of suitable blank books for lists and registers of voters, with blank certificates, and brief instructions for registry therein for use by inspectors in preparing lists and registers of voters, and to transmit to the county clerk of each county a sufficient number thereof to furnish four to each board of inspectors in such county, except in the cities of New York and Brooklyn. Laws 1892, c. 680, §§ 19. 40. At the last session of the legislature these provisions of the election law were repealed, and the election law was revised and re-enacted. Laws 1896, c. 909. By section 19 of the present election law it is provided that "the secretary of state shall cause to be prepared a compilation of all the laws relating to elections in cities, towns and villages in force on the 15th day of May, in the year 1896, together with subsequent amendments thereto, with annotations and explanatory notes and blank forms, properly indexed, and shall procure the same to be printed, wherever he deems it desirable for the best interests of the state"; and then follow directions for transmitting and distributing the same to clerks and election officers throughout the state. The present election law also provides, in section 36, that "the secretary of state shall purchase, wherever he deems it desirable for the best interests of the state, a suitable number of blank books for register of electors, with blank certificates and brief instructions for registering the names of electors therein." Laws 1896, c. 909, §§ 19, 36. The secretary of state or his deputy has refused to furnish to the relator the copy of the compilation of the election law and material required to be printed by section 19, and the material and copy for the registry books required to be purchased by section 36, above referred to, and this motion has resulted. It is conceded that the printing required by sections 19 and 40 of the old law (chapter 680, Laws 1892) came within the relator's contract. Indeed, it was so held in a case arising last year, where a writ of mandamus was granted to compel the secretary of state to furnish the relator, under the same contract involved here, with the necessary material from which that printing was to be done. People v. Palmer, 14 Misc. Rep. 41, 35 N. Y. Supp. 222. The case presented here is, however, in my opinion, essentially different from that one. Since that case was decided, and since the making of the contract held by the relator, not only has the old law been repealed, but the new law contains the provision, not in the old one, that the secretary of state shall procure the compilation of election laws to be printed, and the registry books to be purchased, "wherever he deems it desirable for the best interests of the state." To hold that the relator is entitled to the relief asked for on this motion requires the court to disregard the language from the statute above quoted, which appears in each of the sections brought into question here, and to hold it to be of no force, validity, or effect. If the legislature had the right to insert in the statute the words above quoted, full effect must be given to them. If they are valid, and form part of the law, they repose a discretion in the secretary of state which cannot be controlled by mandamus. But it is claimed here that they were inserted in the

statute by the legislature for the purpose of defeating the relator of its rights under its contract, and that they were inserted in violation of the provisions in the federal constitution prohibiting any state from passing laws impairing the obligations of contracts, and, therefore, do not stand in the way of the relief asked. The motives or the reasons which prompted the legislature to make the change are not essential subjects for judicial inquiry on this motion, but the question as to whether or not there has been any infringement of constitutional limitations is proper, and must be determined. The change in question may amount to a legislative sanction or authorization of a breach of the contract, but does not, in my opinion, impair in any way the obligations of the contract, or affect any remedy which the relator may have for a breach thereof. The question was considered by the court of appeals in the case of Lord v. Thomas, 64 N. Y. 107, which was very similar, in some respects, to the case presented here. In that case it appeared that after a contract had been let under chapter 427, Laws 1870, to furnish a portion of the materials and do a part of the work of construction of the state reformatory at Elmira, and after the contract had been partially performed, the legislature, by chapter 323, Laws 1874, in effect refused to proceed with the construction, under the existing plans and contracts, and authorize new plans and a new letting of contracts. The action was brought by the holder of the contract to have the latter act declared unconstitutional and void so far as it authorized a reletting of any portion of the work covered by his contract. Judge Andrews, in writing the opinion of the court, says:

"This action cannot be maintained. The state cannot be compelled to proceed with the erection of a public building, or the prosecution of a public work, at the instance of a contractor with whom the state has entered into a contract for the erection of a building or the performance of the work. The state stands, in this respect, in the same position as an individual, and may at any time abandon an enterprise which it has undertaken, and refuse to allow the contractor to proceed; or it may assume the control, and do the work embraced in the contract, by its own immediate servants and agents, or enter into a new contract for its performance by other persons, without reference to the contract previously made, and although there has been no default on the part of the contractor. The state, in the case supposed, would violate the contract; but the obligation of the contract would not be impaired by the refusal of the state to perform it. * * * A law of the state suspending or discontinuing a public work, or providing for its performance by different agencies from those theretofore employed, is not, therefore, subject to any constitutional objection because the change would involve a breach of contract with a contractor with whom it had entered into a contract for doing it. That a person who has employed another to perform labor may refuse to allow the other party to proceed, and that the latter cannot thereafter insist upon specifically performing the contract, was decided in Clark v. Marsiglia, 1 Denio, 317."

It seems to me, under the authority of the Lord Case, above cited, that the change in the statute which authorized the secretary of state to procure the printing and to purchase the registry books in question "wherever he deems it desirable for the best interest of the state" is not counter to the constitutional prohibition, and, therefore, that the motion should be denied, with costs.

Application denied, with costs.