(20 App. Div. 501.)

## BANKS et al. v. HUN.

(Supreme Court, Appellate Division, Third Department. Sept. 8, 1897.)

**1.** CONSTITUTIONAL LAW—VESTED RIGHTS—SUPREME COURT REPORTS.
　　Laws 1897, c. 474, amending Code Civ. Proc. § 250, so as to require the supreme court reporter to publish state reports, and keep them for sale at $2 per volume, instead of $2.50 per volume, cannot affect rights vested under a lawful contract with such reporter for the printing and publishing of such reports, and the keeping of them for sale at $2.50 per volume, for a period extending beyond the going into effect of such amendment.

**2.** SAME—CONTRACTS FOR PUBLISHING—VALIDITY.
　　Code Civ. Proc. §§ 249, 250, required the supreme court reporter to publish state reports, and keep them on sale for $2.50 per volume. The reporter received no salary, but obtained his compensation from the sale of said reports, and he was appointed for the term of five years. *Held,* that he had the right to · make a contract for the printing and publishing of said reports, and the keeping of them on sale for five years at $2.50 per volume.

**3.** SAME—CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.
　　Laws 1897, c. 474, amending Code Civ. Proc. § 250, so as to require the supreme court reporter to publish state reports, and keep them on sale at $2 per volume, instead of $2.50 per volume, cannot affect the binding force of a contract made prior thereto, with the reporter, for the printing and publishing of such reports, and the keeping of them for sale at $2.50 per volume, for a period extending beyond the going into effect of such amendment, as the constitution prohibits the impairment of the obligations of contracts.

**4.** SAME—CONTRACTS—PARTIES—STATE.
　　Const. art. 6, § 21, requiring the legislature to "regulate the reporting of the decisions of the courts," implies that some one other than the state is to be charged with the duty of reporting such decisions; and hence the state is not in effect a party to a contract made by the official reporter for the printing and publishing of state reports, where such reporter, in consideration of his appointment and certain privileges, agrees to furnish the public with reports at a price not exceeding a certain sum.

**5.** SAME—INCREASE OF BURDENS.
　　Laws 1897, c. 474, amending Code Civ. Proc. § 250, so as to require the supreme court reporter to publish state reports, and keep them on sale for $2 per volume, instead of $2.50 per volume, does not require such reporter to withhold performance of a contract with him for the printing and publishing of such reports, and the keeping of them for sale at $2.50 per volume, for a period extending beyond the going into effect of such amendment, as said sections 249, 250, provided a manner whereby the reporter could discharge burdens imposed upon him, which could not be increased after he had lawfully provided for their discharge.

　　Landon, J., dissenting.

Appeal from special term, Albany county.

Action by David Banks and another against Marcus T. Hun. From an interlocutory judgment entered upon an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

The complaint alleges, in substance, that the defendant, the supreme court reporter of the state, acting as such within the power conferred and in pursuance of the duty enjoined upon him by sections 249 and 250 of the Code of Civil Procedure, did, on the 24th day of December, 1895, enter into a contract with the plaintiffs, whereby he agreed to furnish them with the manuscript for the Supreme Court Reports, Appellate Division, of the state, and they agreed to print and publish the same, as required by section 249, in book form, and keep the same constantly for sale to persons within the state, at a price of $2.50 for a bound volume of not less than 750 pages, that being the

maximum price then permitted by section 250 of the Code, the contract to continue for five years from that date; that both parties duly performed until after the amendment of section 250 of the Code, by chapter 474 of the Laws of 1897, whereby the supreme court reporter was required to cause such bound volumes to be sold for $2 per volume, when the defendant notified the plaintiffs that he should refuse further to perform said contract on his part unless the plaintiffs would agree to place the bound volumes on sale at $2 per volume. This the plaintiffs refused to do, but are ready to perform the contract as it is. The complaint sets forth various facts showing that irreparable loss will result to the plaintiffs if the defendant should not perform, and particularly that the parties to this contract, relying upon its perform-ance, entered into another contract of the same date, to continue also for five years, with the reporters and publishers of the Court of Appeals Reports and of the Miscellaneous Reports, for the publication of the "Combined Official Series of New York State Reports and Session Laws," which contract the parties thereto have hitherto observed and performed, and are ready and will-ing to continue performing, but which cannot be done except at great loss to plaintiffs, unless this contract shall also be performed; that the damages to result from nonperformance by the defendant of the contract with the plaintiffs are not capable of exact proof. The plaintiffs pray that the defend-ant be enjoined from refusing performance, and be enjoined to continue it. The defendant demurred to the complaint, "upon the ground that upon its face it does not state facts sufficient to constitute a cause of action."

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

M. T. Hun, in pro. per.

S. W. Rosendale, for respondents.

LANDON, J. The supreme court reporter is a constitutional officer. Const. art. 6, § 2.

Section 249 of the Code of Civil Procedure provides that:

"He must report and publish such of the decisions at the terms of the ap-pellate divisions or special terms of the court as he deems it for the public in-terest to have reported. * * * He must prepare for each volume and cause to be published therewith the usual digest, head notes, tables of contents, and index."

Section 250 provided, at the time this contract was made, that:

"The supreme court reporter must cause the reports, published as pre-scribed in the last section, to be kept constantly for sale to persons within the state, at a price not exceeding two dollars and fifty cents for a bound volume of not less than 750 pages."

By chapter 474, Laws 1897, section 250 was amended by reducing the price per bound volume to two dollars. The statute contem-plates the personal work of the reporter in preparing the material for publication, and the choice of appropriate means to secure the publication of the reports, and to cause them to be kept on sale at a price not exceeding that fixed by section 250. We have the less hesi-tation in holding that the contract here in question was made by the reporter in his official capacity as an officer of the state, and within the scope of his powers, as a reasonable and proper means to the performance of the duty enjoined upon him, because our familiarity with the products of his labor thus performed, and in like manner performed for many years, enables us to see that what the law would presume the facts confirm. The contract is therefore one between the state and the plaintiffs. But it does not follow that the only

course open to the state, acting through its officer and agent, the supreme court reporter, is to continue its performance of the contract on its part for the full period of five years.    If I hire A. to build me a house for $2,500, and A. commences the work, I may stop him at any stage of it, and his remedy against me is for damages. The same rule applies to the state in its capacity as a contractor. Lord v. Thomas, 64 N. Y. 107; Danolds v. State, 89 N. Y. 37.    I cannot, after the contract is made, require A. to build the house for $2,000.    Unless I stop his building it, I must pay him the contract price for building it.    So, the state, which is here represented by the appellant, cannot require the plaintiffs to publish the Supreme Court Reports, and place them on sale for less than $2.50 per volume, the contract price.

Section 250, Code Civ. Proc., as amended by chapter 474, Laws 1897, now provides that:

"The supreme court reporter must cause the reports, published as prescribed in the last section, to be kept constantly for sale to persons within the state, at a price not exceeding two dollars for a bound volume."

He cannot cause it to be done under this contract.    He may possibly cause it to be done under a contract with some other persons, but this would be a breach of his contract with the plaintiffs.    The legislative mandate of the state, however, seems to be peremptory.    It is no answer to say that the state has inconsistent contract relations with the plaintiffs.    If it refuses to perform, it does not violate the obligation of its contract, since, by the payment of damages, it can fully satisfy that obligation, as was held in the cases cited.    McMaster v. State, 108 N. Y. 542, 15 N. E. 417.    The appellant must therefore arrest the performance of this contract, unless the amendment of 1897 can and ought to be construed to apply to future contracts only.    It will, of course, apply to future contracts, but there is no reason except that of the existence of this contract, and the supposed desirability of preserving the present system of publishing the reports of the appellate division in connection with another contract referred to in the complaint, in some measure dependent upon this one, for the publication of the well-known, and, we suppose, generally approved, "Combined Official Series."    In other words, the refusal by the state to perform this contract threatens to subvert the present system of publishing the reports.    This we may regret, but we cannot deny the legislative power, and we can see that the reduction of 50 cents in the price of the reports of the appellate division may have been regarded by the legislature as a full countervailing inducement.    The reporter must obey the law as it is. This he proposes to do, and has so notified the plaintiffs, and hence they bring this action to prevent his nonperformance, and to compel his performance of it, they being ready and willing to perform upon their part.    In such cases as in those cited, the plaintiffs must seek their remedy in damages.    We are cited to Bronk v. Barckley, 13 App. Div. 72, 43 N. Y. Supp. 400.    There the state did not seek to arrest the performance of its own contract, but of the contract made between certain commissioners acting for the county of Albany, and a contractor, for the labor of the prisoners in the Albany Peniten-

tiary. Both parties were desirous of carrying out the contract. The state was not a party to it. Its interposition was that of the sovereign, and not that of a contractor, and hence no question arose with respect to the state, except its constitutional right to impair the obligation of the contract of other parties.

We may assume that the plaintiffs cannot make exact proof of their damages, but we must assume that they can make such proof as will permit them to be ascertained with reasonable certainty. The state, however, having determined that the price per volume of the reports must be reduced, cannot be thwarted in its purpose because the contractors, whom it must be presumed to be willing to indemnify against loss, will suffer inconvenience in establishing the amount of it.

The interlocutory judgment, and the order upon which it was entered, are, and each is, reversed, and an order allowing the demurrer granted.

MERWIN, J. I concur in the opinion of Brother LANDON so far as he, in substance, holds that the contract in question was a valid one. The amendment of 1897 did not affect vested rights. People v. Board of Sup'rs of Montgomery Co., 67 N. Y. 109; Statutory Construction Law, § 31. A contract in pursuance of the law as then existing, whether executed or executory, cannot be annulled at the pleasure of the legislature. Potter's Dwar. St. 477; Fletcher v. Peck, 6 Cranch, 87; Von Hoffman v. City of Quincy, 4 Wall. 535, 549. The rule is not changed by the circumstance that the public are interested to some extent in the performance of the contract. The Delaware Railroad Tax, 18 Wall. 206, 225.

There is no question about the right of the parties to make the contract in question, except as to the time it should continue. That was an important element in the business transaction which the law contemplated. No salary was attached to the office of reporter. The compensation for his services and expenses must be obtained from the publication and sale of the books. The success of the undertaking, for the benefit of himself as well as of the public, required a contract for a reasonable time. Upon the facts alleged in the complaint, the conclusion is, I think, a fair one, that the term of five years, being the term of the defendant's appointment, was a reasonable time for the continuance of the contract, and must be deemed to be fairly within the contemplation of the statute as then existing. The contract, therefore, was authorized by law, and within the protection of the constitutional provision against the impairment of the obligations of contracts. There is no doubt that the act of 1897, if applicable to the contract, impairs its obligations. We have not, I think, a right to assume that this contract was in effect between the state and the plaintiffs, and that, therefore, the state had the right to arrest performance, and leave the plaintiffs to such remedy as they might have against the state for damages, under the doctrine laid down in Danolds v. State, 89 N. Y. 36; Lord v. Thomas, 64 N. Y. 107. Those cases related to the construction of public buildings, the property of the state. It was held that the state could stop the

work, and leave the contractor to his remedy on the contract for damages. The contract in question was not in behalf of the state, and the books, when published, did not belong to the state, and it was to pay nothing on account of them or to the reporter for his services. The undertaking of the defendant was an individual one, and, if he did not furnish to the plaintiffs the material he agreed to furnish, the state was not liable for such default. The defendant, by virtue of his appointment, had certain privileges in regard to a subject-matter in which the public had an interest; and therefore the defendant, in consideration of receiving his privileges, was charged with the duty of causing books to be kept on sale at a price not exceeding a certain sum. The defendant, in order to make his privileges remunerative, and discharge also the duty imposed upon him, made his contract with the plaintiffs. The contract was in no sense a public one, and I fail to see any basis for plaintiffs claiming damages against the state. The legislature did not undertake to publish the reports. By the constitution (article 6, § 21), it was bound to "regulate the reporting of the decisions of the courts;" and this it assumed to do in the provisions of the Code on the subject. The fact of regulation implies that some one else is charged with the duty of performance.

But it is said that the defendant is under obligation to carry out the law as amended, and should therefore withhold performance from the plaintiffs. If the contract for the five-years term was valid, and is not abrogated by the amendment of 1897, the defendant, by means of such contract, and as long as it is carried out by the plaintiffs, has provided in a legal manner for the discharge of the duty imposed upon him, and its burden cannot be increased after he has, in pursuance of law, provided for its discharge. This is not a case of impossibility of performance, but a question as to what statute should control the performance, or, rather, whether the statute in pursuance of which it was made shall control. In the Bronk Case, 13 App. Div. 72, 43 N. Y. Supp. 400, specific performance was directed on the part of public officials, although the method of performance, if judged according to legislation subsequent to the contract, was contrary to law. The plaintiffs, under the allegations of the complaint, are, I think, entitled to have their contract with defendant carried out, and therefore the judgment should be affirmed.

Judgment affirmed, with leave to defendant to answer over within 20 days. All concur, except LANDON, J., dissenting in opinion.