(40 App. Div. 577.)

PIERCE v. THURSTON.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

CONTRACTS—RESCISSION—BURDEN OF PROOF.
    In an action on a contract for certain work, which was commenced at once and completed, under a defense of rescission the burden is on defendant to show rescission before the work was completed.

Appeal from special term, Chemung county.

Action by Joseph H. Pierce against Richard H. Thurston, as ancillary administrator, etc. There was a judgment for defendant, and plaintiff appeals. Reversed.

The plaintiff, in his complaint, claimed to recover the value of services performed in making preliminary drawings and plans for a building, under an employment by the defendant. The latter, for answer to the complaint, interposed a general denial. On the trial, the evidence introduced by the parties authorized a finding by the jury that the plaintiff, an architect, was employed on Thursday, the 30th of October, 1890, by the defendant, at Elmira, N. Y., to make preliminary drawings and plans for a hotel at Gaines, Pa.; that thereupon the plaintiff at once commenced making said drawings and plans, and completed the same; and that the value of the work done by him was $75. The defendant, as a witness on the trial, denied that he authorized the plaintiff to prepare plans and drawings, and also produced evidence tending to show that, on the Monday following the day when it was claimed the contract was made, he countermanded the order, if any was in fact given. The learned trial judge, after instructing the jury that the first question to be determined was whether the defendant employed the plaintiff as claimed, used the following language: "Now, gentlemen of the jury, if he did, then the original contract was made, and for it this plaintiff can recover, unless the order was rescinded upon the Monday following. So the second question for you to determine is: Was this order rescinded, if one was made, on the Monday following? If it was, this plaintiff cannot recover in this case, because a man has a right to go into the office, and tell any one in apparent charge of the office that he need do no more work upon the contract for which he was employed. So you are to determine whether the contract was made, first, and, second, was so rescinded. If this contract was made, and was rescinded, the plaintiff cannot recover. * * * Plaintiff's Counsel: We except to the charge that, if the contract was rescinded, the plaintiff cannot recover; and we ask your honor to charge that, if the plan had been drawn before any attempt was made to rescind the contract, the rescission of the contract could have no effect. The Court: That would be so, but there is no evidence in this case upon which I can submit that question,—that it had been drawn before the time of the claimed rescission. (Exception taken by plaintiff's counsel, not only to the refusal to charge, but also to what the court did charge.)"

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Francis E. Baldwin, for appellant.
Richard H. Thurston, in pro. per.

PUTNAM, J.   It is doubtful whether the learned trial judge was correct in determining that there was no evidence introduced by the parties, that could be submitted to the jury, showing that the preliminary drawings, for preparing which the plaintiff sought to recover, had been completed before the defendant attempted to countermand his order therefor.   The contract was made on Thursday, the 30th day of October, 1890, and the order was countermanded on the Monday following.   Three working days had intervened.   It appeared that after his employment the plaintiff's draftsman, Bickford, at once commenced the preparation of the drawings, and was assisted in the work by the plaintiff.   On the Monday in question, when it was claimed the defendant countermanded his order, he and his witness, Dunham, went to the office of the plaintiff, and the person in charge produced several sheets of paper similar to the plans produced by the plaintiff on the trial.   They were the floor plans of the hotel,— single-line sketches.   The following questions were asked and answers given by plaintiff's witness, Dunham, on the trial:

"Q. You and he looked at the plans that were there drawn? A. Yes, sir; at the sketches.   Q. And they were pinned out upon boards, were they not? A. Oh, no, no; I think they were in the sheet that the lady handed to us; in the sheet, as I remember it.   Q. And they were done, off, and folded?  A. Yes, sir; they might not have been folded; I cannot remember that.   Q. They were off the board, however?  A. Yes, sir.   Q. The work was done upon them, so far as the sketching it out on a board was concerned?   A. They were not fastened to any board."

It is to be inferred that the plans, for the making of which the plaintiff claimed to recover, were produced on the trial.   The defendant and Dunham were sworn as to what took place at the time it was claimed the contract was rescinded.   They were then shown the plans prepared by the plaintiff.   Neither of them testified on the trial that the drawings then shown them were not the same as those produced on the trial, for the preparation of which the plaintiff claimed to recover, or that the preliminary sketches shown to them in the office of the plaintiff on the Monday in question were not completed.

Again, in a letter written November 15, 1890, the plaintiff informed the defendant that he had the sketches prepared according to his instructions.   In his answer the defendant failed to make any claim that he had countermanded the order therefor before the sketches were prepared.   The plaintiff did not claim to recover for completed plans and drawings, but only for preliminary sketches; and we are inclined to think, on the evidence introduced, the jury would have been authorized to determine that the preliminary sketches, which were shown to the defendant at the time he claimed to have rescinded the contract, were completed, and that the only effect of his countermand, at the time in question, was to prevent the plaintiff from going further, and making completed plans and drawings.

But, assuming that the trial judge was correct in holding that there was no evidence in the case to submit to the jury as to whether the preliminary plans had been drawn before the defendant countermanded his order therefor, we think he was in error in charging the jury that, if the order was rescinded on the Monday following the Thursday on which it was given, the plaintiff could not recover, and in re-

fusing to charge, as requested by plaintiff, that, if the plans had been prepared before the attempted countermand, such countermand had no effect. It is true that the defendant could at any time countermand his order for preliminary sketches (Clark v. Marsiglia, 1 Denio, 317; Lord v. Thomas, 64 N. Y. 107–110), and that the plaintiff could not recover for work done thereon after such countermand. But the evidence introduced on the trial was such as to authorize a finding by the jury that the plaintiff was employed by the defendant to make the preliminary drawings in question, and that he commenced at once, and completed them.

The defense interposed by the defendant—that he countermanded the order on the Monday following the day that it was given—was an affirmative one. A countermand did not defeat the plaintiff's recovery, unless given before the work was completed. It was for the defendant to show an effectual countermand,—one given before the drawings were finished. This he failed to do. The burden was upon the defendant, asserting as an affirmative defense to the plaintiff's claim a rescission of the contract under which the plaintiff claimed, to show that such rescission was made before the work, which was shown by the plaintiff to have been done by him, was finished.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.