# KING v. RHODES.

Sales; Evidence; Bill -of Particulars; Appeal and Error; Judicial Discretion; Contracts.

1. Evidence as to the amount of material delivered before notice to discontinue delivery under a contract for building material is not admissible in an action to recover the unpaid balance of the contract price upon the completion of the contract by the vendor after such repudiation by the vendee.

2. A plaintiff is limited in his demand and restricted in his proof to the subject-matters specified in his bill of particulars. (Following *American Secur. & T. Co.* v. *Kaveney*, 39 App. D. C. 223.)

3. An appellate court should not disturb the ruling of the trial court excluding evidence offered by the plaintiff after he had closed his case in chief, and the defendant had moved for a directed verdict, and the court had indicated its purpose to grant the motion, unless it is obvious that there was such an abuse of judicial discretion in refusing to admit the evidence that a miscarriage of justice is likely to result. (Citing *Olmstead* v. *Webb*, 5 App. D. C. 38.)

4. Where a contract for building materials by a contractor, stating that the owner of the buildings in which the materials are to be used will pay therefor, is, after its acceptance by the owner, and its part performance, repudiated by him, the vendor cannot recover the unpaid balance of the contract price after completing the delivery of the materials, upon the theory that the contract had this characteristic of a bill of exchange,—that having been accepted by the drawee, the acceptor could not thereafter breach his obligation.

5. In an action for the recovery of the stipulated amount to be paid by defendant on the completion of a contract, the plaintiff cannot prevail on the ground of an injury suffered by him for a breach of the contract by the defendant.

No. 3066. Submitted December 11, 1917. Decided February 4, 1918.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court in an action on a contract. *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, J. Carey King, and appellee, Fred B. Rhodes, were, respectively, plaintiff and defendant in the court below, and will in this opinion be so referred to.

As the result of certain amendments and additions to the pleadings, the parties went to trial on a declaration containing three counts, in the first two of which the plaintiff sought to recover a balance of $1,250, with interest from November 23, 1912, alleged to be due and payable to him by the defendant on a written contract, or "order," as it is called in the declaration. The third count is based upon certain of the money and other counts in *indebitatus assumpsit*, and claims from the defendant a like sum as in the first and second counts, "according to the particulars of demand hereto annexed." The annexed particulars of demand consist of a copy of the "order" substantially alleged in slightly different form in the first two counts of the declaration. The plaintiff alleged a full performance by him of the contract whereby there became due and payable to him by the defendant the amount stipulated in the contract, $2,050, of which $800 was paid, leaving the balance of $1,250, with interest, upon which the action was brought.

The contract or "order" is in the words and figures following:

Washington, D. C., Oct. 29, 1913.

Mr. Fred B. Rhodes will pay to the order of J. Carey King, for millwork, to complete those fifteen two-story dwellings on Church St. between 17th and 18th Sts., N. W., now recorded in the name of Thos. R. Riley, the sum of two thousand fifty dollars * * * $2,050.

Partial payments to be made as materials are delivered, as follows:

All sash ..........................$   167.50
Blinds for 9 houses, at $15 each.........   135.00
Doors & Transoms, 15 houses, at $38 each..   570.00
Ash Trim & Jambs, 15 houses, at $22 each.   330.00
Y. Pine Trim, Shelving, Dressers & Porch
   Rail, 15 Houses, at $30 each..........   450.00
15 Houses, Stairwork, at $26.50 each....   397.50
                                              ————
                                       $2,050.00

Charge same against me.
     (Signed)                    Frank L. Dyer.
Above order accepted.
     (Signed)                    Fred B. Rhodes.
Oct. 29, 1912.

Eight pleas were filed by the defendant, but it is clear from the record that the case was tried and disposed of on the issues presented by the fourth and fifth pleas, which set up a renunciation and repudiation by the defendant of his contract with the plaintiff after the latter had delivered, under the contract, goods to the value of $300.

Three errors are assigned as follows:

"1. The court erred in directing a verdict for the defendant.

"2. The court erred in refusing to permit the plaintiff to show the value of the material already delivered at the time of the notification by the defendant to discontinue the delivery under the order of Frank L. Dyer.

"3. The court erred in holding that the defendant could revoke, or repudiate, his acceptance of the said order."

*Mr. Walter C. Balderston* and *Mr. Wm. Meyer Lewin* for the appellant.

*Mr. Paul B. Cromelin. Mr. W. A. Coombe,* and *Mr. Wm. H. Whitten, Jr.,* for the appellee.

Mr. Justice SIDDONS, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal, in the place of Mr. Justice VAN ORSDEL, delivered the opinion of the Court:

After the trial court had indicated its intention to grant the defendant's motion for a directed verdict, the plaintiff sought leave and offered to prove that at the time the defendant notified him to deliver no more materials he had already delivered on said "order" material amounting to $1,469.50 in value, but on defendant's objection "that the evidence was not admissible under the plaintiff's theory of the case," the objection was sustained, and to this action of the court the plaintiff reserved his first exception.

There was no error in the ruling. It is clear that the evidence was not admissible under the first two counts of the declaration upon which recovery was sought for the balance of a fixed, definite sum contracted to be paid by the defendant, to the plaintiff in stated instalments, the plaintiff having completed the contract on his part to be performed, while the excluded evidence tended only to establish a claim as for a *quantum valebant.* To admit the evidence under either of these counts would be to violate old and settled rules of the law of pleading, founded on common sense and the requirements at least of an orderly procedure in the presentation and trial of common-law actions.

Was the evidence admissible under the third count of the declaration? It would have been but for the plaintiff's own action in restricting his claim thereunder to the character of demand appearing in the annexed bill of particulars, which, as has already been noted, is a copy of the contract or order which is the basis of the first two counts of the declaration.

"The effect of a bill of particulars," declared this court in *American Secur. & T. Co. v. Kareney,* 39 App. D. C. 223, 226, "is to limit the plaintiff's demand, and restrict his proof to the subject-matters specified." And see *Columbus v. Sheehy,* 43 App. D. C. 462, 466; *Decker v. Lightfoot,* 44 App. D. C. 45, 48; *Gray v. Ward,* 45 App. D. C. 498, 500.

Examining the contract it is at once seen to be an obligation of the defendant to pay to the order of the plaintiff "for mill-work, to complete those fifteen two-story dwellings on Church St. between 17th and 18th Sts., N. W., now recorded in the name of Thos. R. Riley, the sum of two thousand fifty dollars * * * $2,050. Partial payments to be made as materials are delivered, as follows:" There then follow the itemized payments in various amounts, ranging from $135, the lowest, to $570, the highest; these payments to be made, as stated, as materials were delivered. To justify the admission of the excluded testimony, it would be necessary to distort this express contract to pay the sum of $2,050 into a state of facts from which the law would *imply* an obligation to pay the reasonable value of some of the material delivered; not the total of several of the instalment payments even, but an odd amount, $1,469.50, the value of material, it is claimed by the plaintiff, which had been delivered at the time the defendant notified him to deliver no more. Unless we are prepared to break down the distinctions between express and implied contracts, between special and general assumpsit, we cannot give our assent to the contentions urged by the appellant in behalf of the excluded evidence. This we must decline to do.

There is another reason why we should not disturb the action of the trial court in this particular. The excluded evidence was not offered until after the plaintiff had closed his case in chief, the defendant had moved for a directed verdict, and the court had indicated its purpose to grant the motion. Under such circumstances, unless it is obvious that there has been such an abuse of the judicial discretion in refusing to admit the evidence that there is likely to result a miscarriage of justice, an appellate court should not interfere. *Olmstead* v. *Webb,* 5 App. D. C. 38, 57. No such situation is presented by the record.

This brings us to a consideration of the second and remaining exception. At the conclusion of the plaintiff's case, the defendant moved the court to instruct the jury to return a verdict for the defendant, and this motion was granted. To this action, this exception was reserved. The basis of the motion

was that it appeared that the contract sued upon had been renounced, repudiated, and canceled by the defendant prior to its completion by the plaintiff, thus constituting a breach by the defendant, unless there was some legal justification for his act of repudiation; and that as the plaintiff's action was for the recovery of a stipulated amount to be paid by the defendant on the completion of the contract by the plaintiff, he could not be permitted to prevail where it was clear that the injury he had suffered was for a breach or violation of the contract by the defendant.

As has been pointed out, the parties went to trial on the issue of renunciation and repudiation by the defendant as set up in his fourth and fifth pleas; and it is clear from the plaintiff's evidence that he had been informed on or about November 24, 1912, of the renunciation and repudiation, and of the direction by the defendant to deliver no more material under the order, as the defendant would not be responsible therefor; but he nevertheless continued to deliver the material until he had delivered all, as he claims, that was called for by the contract.

On cross-examination, after stating the communication that had been made to him that he was not to deliver any more material, and that the defendant would not be responsible under the order from the time that the communication was made to the plaintiff, he was asked these questions:

Q. For any material that was yet to be delivered?

A. Yes.

Q. And yet after he insisted on that, you continued to deliver the material?

A. Yes.

Q. And that is the material for which you are suing in this case?

A. Yes.

Therefore, the fact is uncontroverted that, though the plaintiff had been notified by the defendant not to deliver any more of the material, and that he would not be responsible for any more material, yet the plaintiff persisted in continuing delivery until he had delivered all that was called for under the

contract, and then brings his suit on the theory that he had completed the contract so far as he was concerned, and was entitled to the full amount of the stipulated consideration.

Under such a contract as we have before us, the plaintiff could not legally do this. Of course, when the defendant undertook to commit a breach of the contract, he exposed himself to an action for damages by the plaintiff for the breach. This, indeed, is conceded by the defendant; but it is not such a contract as would permit the plaintiff to disregard the repudiation by the defendant, go on and complete it so far as he was concerned, and demand that the defendant be required to perform it on his part.

The plaintiff, in his brief and in the oral argument of his counsel, undertook to maintain that the contract had at least this characteristic of a bill of exchange,—that having been accepted by the drawee, the acceptor could not thereafter undertake to breach his obligation or contract. He disclaims the idea that the contract is a bill of exchange, and it clearly is not. The law merchant, in its jealous regard for the rights of the bona fide holders for value, holds parties to such an instrument to a strict performance of their obligations in actions brought upon them by bona fide holders for value; and it is correct enough to say that, as against a bona fide holder for value, an acceptor would not be permitted to repudiate his acceptance.

The legal power to repudiate such a contract as the one before us is, we think, well settled, both on principle and authority, of course leaving the party so repudiating subject to a demand for damages for the breach. 6 R. C. L. 1029, 1030; *United States* v. *Behan,* 110 U. S. 338, 28 L. ed. 168, 4 Sup. Ct. Rep. 81; *Roehm* v. *Horst,* 178 U. S. 1, 44 L. ed. 953, 20 Sup. Ct. Rep. 780; *Clark* v. *Marsiglia,* 1 Denio, 317, 43 Am. Dec. 670; *Newhall* v. *Clark,* 3 Cush. 376, 50 Am. Dec. 741.

Finding no error in the record, the judgment appealed from must be affirmed, with costs to the appellee.            *Affirmed.*

A motion for reargument was denied March 16, 1918.